# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JUSTIN NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>JAVY COFFEE COMPANY,<br><br>Defendant. | Case No.   2:26-cv-1650-RMG<br><br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

<u>**CLASS ACTION COMPLAINT**</u>

**Nature of this Action**

1.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

1

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Justin Nelson ("Plaintiff") brings this action alleging Javy Coffee Company ("Defendant") violated the TCPA by sending telemarketing text messages to his telephone number that he placed on the National Do Not Call Registry without consent.

4.      Plaintiff and putative class members never consented to receive telemarketing text messages. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls and messages from or on behalf of Defendant.

5.      A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

2

6.      Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## Jurisdiction and Venue

7.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

8.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this District and made the texts and calls from this District.

## Parties

9.      Plaintiff is a natural person residing in Jackson County, Michigan.

10.      Defendant is Delaware registered company that sells concentrated coffee and related products in South Carolina and nationwide, and Defendant is headquartered in Summerville, South Carolina in Dorchester County.

## Plaintiff Nelson's Allegations

11.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12.      Plaintiff is currently the subscriber of cellular telephone number (517) 750-XXXX.

13.      Plaintiff was assigned his telephone number (517) 750-XXXX in June of 2025.

14.      Plaintiff uses is cellphone number for personal, residential, and household purposes.

3

15.     It is used for personal use only as one would use a landline telephone number in a home.

16.     Plaintiff primarily uses his cellphone number to  communicate with friends and family, and to schedule personal appointments and for other household purposes.

17.     Plaintiff personally pays for this cell phone plan, and is not reimbursed by a business.

18.     Plaintiff has never had this cell phone number associated with a business.

19.     Plaintiff has never used this cell phone number in any business or marketing materials.

20.     Plaintiff registered his telephone number on the National Do Not Call Registry since February 03, 2026.

21.     Despite this, Defendant delivered, or caused to be delivered, at least twenty-six text messages from short code number 71319 to Plaintiff's telephone number (517) 750-XXXX in March and April 2026.

22.     Some of the text entries are below:

4





6

23.     The subject text messages expressly promoted Defendant's goods and services by advertising its coffee products.

24.     The text messages advertised sales and promotions, and even included hyperlinks directing recipients to Defendant's website.

25.     These messages were not informational or transactional in nature, but instead constituted advertisements because they promoted the availability of Defendant's goods and services and were designed to generate consumer interest and engagement.

26.     The messages also constituted telephone solicitations because they were initiated for the purpose of encouraging recipients to invest in, purchase, or otherwise engage with Defendant's offerings, including through participation in Defendant's promotional campaigns.

27.     Defendant delivered, or caused to be delivered, the subject text messages to telephone number (517) 750-XXXX after thirty-one days passed from the date the number was registered with the DNC Registry.

28.     The subject text messages were intended for someone other than, and unknown to, Plaintiff.

29.     The purpose of the subject text messages was to advertise and market Defendant's goods or services.

30.     Plaintiff did not give Defendant prior express consent or permission to deliver, or caused to be delivered, advertisement or marketing text messages to his telephone number (517) 750-XXXX.

31.     Plaintiff did not request information or promotional materials from Defendant.

32.     Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

7

33. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (517) 750-XXXX was registered with the DNC Registry.

## Class Allegations

34. Plaintiff Nelson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **<u>Do Not Call Registry Class</u>**: All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

35. Excluded from the classes is the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. The class as defined above is identifiable through phone records and phone number databases that will be obtained through discovery.

37. The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

38. Plaintiff is a member of all classes.

39. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

a. Whether the Defendant violated the TCPA by calling individuals on the National Do Not Call Registry or that had asked to previously no longer receive calls;

8

b.  Whether the Defendant placed calls without obtaining the recipients' prior consent for the call; and

c.  Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

40.  Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims, like the claims of the classes, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

41.  Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42.  In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

43.  The actions of the Defendant are generally applicable to the classes and to the Plaintiff.

44.  Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

45.  The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

9

## Legal Claims

### Count One
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

46.     Plaintiff repeats and re-alleges each and every factual allegation contained herein.

47.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

48.     A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

49.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50.     Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

51.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were

10

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

52.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

53.     Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

54.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

**j)** Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Respectfully submitted,

/s/ Brittany N. Clark
Brittany N. Clark, Fed ID: 12891
SC Bar: 100573
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: 864-414-8120
brittany@kaufmanpa.com

Dated: April 20, 2026

12