# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JUSTIN NELSON, on behalf of himself and    :
others similarly situated,

                                          :

        Plaintiff,    Civil Action

   v.    :    No. 26-11333-WGY

WHALECO INC.,    :

        Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**TRANSMITTAL DECLARATION OF NIGEL
TAMTON, ESQ. IN SUPPORT OF DEFENDANT WHALECO INC.'S
<u>MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

I, NIGEL TAMTON, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am a member of the bar of the Commonwealth of Massachusetts and of this Court and Counsel with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Defendant Whaleco, Inc. in the above-captioned matter.

2. I make this Declaration in support of Defendant Whaleco Inc.'s Motion To Dismiss Plaintiff's Class Action Complaint filed herewith, and for the purpose of transmitting to the Court true and correct copies of the following documents attached as Exhibits to this Declaration.

3. Attached as Exhibit A is a true and correct copy of e-mail correspondence between Michael McTigue Jr. (counsel for Defendant) and Anthony Paronich (counsel for Plaintiff), dated March 20, 2026.

4. Attached as Exhibit B is a true and correct copy of a letter sent by Michael McTigue Jr. (counsel for Defendant) to Anthony Paronich (counsel for Plaintiff), dated April 7, 2026.

5.      Attached as Exhibit C is a true and correct copy of a letter sent by Michael McTigue Jr. (counsel for Defendant) to Anthony Paronich (counsel for Plaintiff), dated April 17, 2026.

6.      Attached as Exhibit D is a true and correct copy of e-mail correspondence between Michael McTigue Jr. (counsel for Defendant) and Anthony Paronich (counsel for Plaintiff), dated April 14, 2026 through April 17, 2026.

7.      Attached as Exhibit E is a true and correct copy of a Facebook post made by Michele Nelson in the Jackson County Hands United Facebook Group, dated December 25, 2025, which was downloaded at my direction from https://www.facebook.com/groups/ 814332635816230/permalink/ 1971443870105095/?rdid=ZftV3azlwdJKQthV#.

8.      Attached as Exhibit F is a true and correct copy of a Facebook post made by Michele Nelson, dated September 25, 2025, which was downloaded at my direction from https://www.facebook.com/story.php?story_fbid=122157375182759053&id=61572771609048& mibextid=wwXlfr&rdid=CysLdYZEhe71vBtq#.

9.      Attached as Exhibit G is a true and correct copy of a Facebook post made by Michele Nelson, dated September 25, 2025, which was downloaded at my direction from https://www.facebook.com/groups/814332635816230/permalink/1897073937542089/?mibextid =wwXIfr&rdid=dSCgEoL8UeHjp8pr&share_url=https%3A%2F%2Fwww.facebook.com%2Fsh are%2Fp%2F1F2gM35yiB%2F%3Fmibextid%3DwwXIfr#.

10.      Attached as Exhibit H is a true and correct copy of an Instagram post made by Michele Nelson, dated May 26, 2025, which was downloaded at my direction from https://www.instagram.com/p/DKHi0XJuOUM/.

11.     Attached as Exhibit I is a true and correct copy of an Instagram post made by Michele Nelson, dated May 26, 2025, which was downloaded at my direction from https://www.instagram.com/p/DKHhaJMOrB5/.

12.     Attached as Exhibit J is a true and correct copy of a Facebook post made by Michele Nelson, dated May 13, 2026, which was downloaded at my direction from https://www.facebook.com/story.php?story_fbid=122184138236759053&id=61572771609048&mibextid=wwXIfr&rdid=Ucm2T0UhKLAm09r3#.

13.     Attached as Exhibit K is a true and correct copy of the Jackson County Chamber of Commerce's listing for Jackson County Hands United, as of November 15, 2025, which was downloaded at my direction from https://web.archive.org/web/20251115022605/https://business.jacksonchamber.org/list/member/jackson-county-hands-united-11538.

14.     Attached as Exhibit L is a true and correct copy of Whaleco, Inc. (d/b/a "Temu")'s 2023 Terms of Use.

15.     Attached as Exhibit M is a true and correct copy of Whaleco, Inc. (d/b/a "Temu")'s 2025 Terms of Use.

16.     Attached as Exhibit N is a true and correct redacted copy of a "Telephone Number Research Report" for the telephone number, (517) 962-3724, which was prepared at my direction by CompliancePoint.

17.     Attached as Exhibit O is a true and correct redacted copy of a "Telephone Number Research Report" for the telephone number, (517) 769-4094, which was prepared at my direction by CompliancePoint.

3

18.     Attached as Exhibit P is a true and correct copy of Lisa Renfer-Rice's Facebook Profile, as of May 11, 2026, which was downloaded at my direction from https://www.facebook.com/lisa.renferrice.

19.     Attached as Exhibit Q is a true and correct copy of Lisa Renfer-Rice's June 9, 2021 Facebook Post, which was downloaded at my direction from https://www.facebook.com/photo.php?fbid=10226499807828032&set=pb.1430166119.-2207520000&type=3.

20.     Attached as Exhibit R is a true and correct copy of Lisa Renfer-Rice's Facebook Friends list, as of May 18, 2026, which was downloaded at my direction from https://www.facebook.com/lisa.renferrice/friends.

21.     Attached as Exhibit S is a true and correct copy of the Complaint filed in *Michele Nelson v. Capital Vision Services, LLC*, No. 5:26-cv-10275 (E.D. Mich. Jan. 27, 2026).

22.     Attached as Exhibit T is a true and correct copy of the Complaint filed in *Michele Nelson v. L.J. Ross Associates Inc.*, No. 2:26-cv-10345 (E.D. Mich. Jan. 30, 2026).

23.     Attached as Exhibit U is a true and correct copy of the Complaint filed in *Justin Nelson v. Adwora LLC*, No. 2:26-cv-10423 (E.D. Mich. Feb. 6, 2026).

24.     Attached as Exhibit V is a true and correct copy of the Complaint filed in *Justin Nelson v. Omahasteaks.com, LLC*, No. 2:26-cv-10481 (E.D. Mich. Feb. 11, 2026).

25.     Attached as Exhibit W is a true and correct copy of the Complaint filed in *Justin Nelson v. Shutterfly, LLC*, No. 4:26-cv-01900 (N.D. Cal. Mar. 4, 2026).

26.     Attached as Exhibit X is a true and correct copy of the Complaint filed in *Justin Nelson & Rebecca Massicotte v. Elite Agency LLC*, No. 2:26-cv-11059 (E.D. Mich. Mar. 31, 2026).

4

27.     Attached as Exhibit Y is a true & correct copy of the Complaint filed in *Justin Nelson v. Discord, Inc.*, No. 3:26-cv-03217 (N.D. Cal. Apr. 15, 2026).

28.     Attached as Exhibit Z is a true and correct copy of the Complaint filed in *Justin Nelson v. Javy Coffee Co.*, No. 2:26-cv-01650 (D.S.C. Apr. 20, 2026).

29.     Attached as Exhibit AA is a true and correct copy of the Complaint filed in *Justin Nelson v. Americ LLC*, No. 2:26-cv-04766 (C.D. Cal. May 2, 2026).

30.     Attached as Exhibit BB is a true and correct copy of the Complaint filed in *Justin Nelson v. National Entertainment Collectibles Ass'n, Inc.*, No. 2:26-cv-04999 (D.N.J. May 4, 2026).

31.     Attached as Exhibit CC is a true and correct copy of the Complaint filed in *Justin Nelson v. Overbrook Life, LLC.*, No. 1:26-cv-00374 (M.D.N.C. May 6, 2026).

32.     Attached as Exhibit DD is a true and correct copy of the Declaration of Justin Nelson in *Justin Nelson v. Shutterfly*, No. 4:26-cv-01900 (N.D. Cal. May 19, 2026).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2026, in Boston, Massachusetts.

*/s/ Nigel Tamton*
Nigel Tamton  (BBO #696396)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
nigel.tamton@skadden.com

*Counsel for Defendant*
*Whaleco Inc.*

5

# EXHIBIT B

# Skadden, Arps, Slate, Meagher & Flom llp

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES

————

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

————

ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
Michael.Mctigue@skadden.com

April 7, 2026

**VIA ELECTRONIC MAIL**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com
Telephone: (508) 221-1510

      **RE:**    *Nelson v. Whaleco Inc.*, **No. 1:26-cv-11333-MPK (D. Mass.)**

Dear Counsel:

As you are aware, we represent Whaleco in the above-referenced matter. Plaintiff alleges that Whaleco violated Section 227(c) of the Telephone Consumer Protection Act (TCPA) by sending text messages to phone number (517) 769-4094 (Number) "in December of 2025 and January of 2026," despite that Number being on the National Do Not Call Registry (DNC Registry). (Complaint ¶¶ 16-17.)

We write early to provide you with our client's initial analysis of the allegations and claims and some information that you were likely not aware of prior to filing.

**Background**

Plaintiff alleges that he has been the subscriber of the Number "since June of 2025," the Number "was used as a personal residential telephone number" and "for personal use only," he "has never had this cell phone number associated with a business," and he "has never used this cell phone number in any business or marketing materials." (Complaint ¶¶ 9-11, 14-15.) Plaintiff concedes that he did not personally register the Number on the DNC Registry; rather, he alleges that the Number has been on the DNC Registry "since November 13, 2024," which is several months before Plaintiff alleges he became the subscriber. (*Id.* ¶¶ 9, 16.)

Anthony I. Paronich
April 7, 2026
Page 2

We are aware that this action is one of seven TCPA actions that your firm has recently filed on behalf of either Plaintiff or his wife, Michele Nelson (collectively, the Nelsons).[1] All of these cases involve the Number, with six of the cases involving claims brought under Section 227(c). In each of those Section 227(c) cases, the Nelsons allege that the Number has never been associated with a business or used in business or marketing materials.

**Plaintiff's Claim Is Baseless**

As a threshold matter, Whaleco did not send or cause to be sent the alleged text messages. Thus, there is no basis to assert a TCPA claim against Whaleco. In addition, as set forth below, the Section 227(c) claim is fatally flawed.

While the Complaint alleges that Plaintiff is the subscriber of the Number (Complaint ¶ 9), in the two actions that you brought on behalf of Michele Nelson it is alleged that *Mrs. Nelson* is the subscriber of the Number.[2] Whaleco's preliminary investigation has identified an account associated with Mrs. Nelson. Plaintiff's claim is premised on the same Number that also purportedly belongs to Mrs. Nelson and therefore Plaintiff is bound by any agreement that Mrs. Nelson has with Whaleco for purposes of this claim, including the arbitration agreement in the Terms of Use.

In addition, Whaleco is investigating the nature of Mrs. Nelson's business relationship with Whaleco, which precludes a claim under Section 227(c). *See*, *e.g.*, *Abboud v. Circle K Stores Inc.*, No. CV-23-01683, 2025 WL 2800052, at *8 (D. Ariz. Sept. 30, 2025) ("There can be no liability under 47 U.S.C. § 227(c)(5) for a call or message that is sent 'to any person with whom the caller has an [existing business relationship]'") (quoting 47 U.S.C. § 227(a)(4)).

Even leaving these threshold issues aside, the plain language of Section 227(c) of the TCPA prohibits unwanted telephone "call" solicitations to individuals on their residential landlines. When these provisions were passed and signed into law (as reflected in their plain language), Congress limited their reach to telephone calls directed to residential landlines.

---

[1]  *See Nelson v. Capital Vision Servs., LLC*, No. 5:26-cv-10275 (E.D. Mich. Jan. 27, 2026); *Nelson v. LJ Ross Associates, Inc.*, No. 2:26-cv-10345 (E.D. Mich. Jan. 30, 2026); *Nelson v. Adwora, LLC*, No. 2:26-cv-10423 (E.D. Mich. Feb. 6, 2026); *Nelson v. Omahasteaks.com, LLC*, No. 2:26-cv-10481 (E.D. Mich. Feb. 11, 2026); *Nelson v. Shutterfly, LLC*, No. 3:26-cv-01900 (N.D. Cal. Mar. 4, 2026); and *Nelson et al. v. Elite Agency LLC*, No. 2:26-cv-11059 (E.D. Mich. Mar. 31, 2026).

[2]  *See Nelson v. Capital Vision Servs., LLC*, No. 5:26-cv-10275 (E.D. Mich. Jan. 27, 2026), ECF No. 1 at ¶ 8 (Plaintiff Michele Nelson is "the subscriber of the cellular telephone number – (517) 769-XXXX"); *Nelson v. L.J. Ross Associates Inc.*, No. 2:26-cv-10345 (E.D. Mich. Jan. 30, 2026), ECF No. 1 at ¶ 15 (Plaintiff Michele Nelson is "the subscriber of cellular telephone number – (517) 769-XXXX").

Anthony I. Paronich
April 7, 2026
Page 3

By alleging that he used the Number "as a personal residential telephone number" and "never had this cell phone number associated with a business" (Complaint ¶¶ 10, 14), Plaintiff is acknowledging one requirement for a plausible Section 227(c) claim—namely, that it only protects residential lines. But our client's preliminary investigation has discovered that these allegations here and in five other Complaints filed by the Nelsons are false. In fact, the Nelsons have publicly used the Number for business purposes.

Michele Nelson is the "Founder/Executive Director" of Jackson County Hands United.[3] Plaintiff and the Nelsons's children are members of the organization's Board of Directors and Junior Executive Board, respectively.[4] Mrs. Nelson announced in an Instagram post on May 26, 2025, that Jackson County Hands United was "officially open for business."[5] This was shortly before Plaintiff alleges that he became the subscriber of the Number in June 2025 (although as noted above in the Complaints your firm filed on behalf of Mrs. Nelson, it is alleged that *Mrs. Nelson* became the subscriber of the Number in June 2025).

A review of Jackson County Hands United's profile on the Jackson County Chamber of Commerce lists the Number as the business's contact number:



---

[3]    *Id.*

[4]    *See* May 26, 2025 Instagram Post,
       https://www.instagram.com/p/DKHi0XJuOUM/?igsh=ejlwM3prcWc4d2t1.

[5]    *See* May 26, 2025 Instagram Post,
       https://www.instagram.com/p/DKHhaJMOrB5/?igsh=MWs2ejRrN2JqZGdrbg==; *see also*
       December 25, 2025 Facebook Post,
       https://www.facebook.com/share/p/17rJ5NbAYm/?mibextid=wwXlfr (Michele Nelson
       posted that the organization would close for the winter but would be "back up and running
       again in the Spring" and, at that point it will have "a new and improved business model.").

Anthony I. Paronich
April 7, 2026
Page 4

Michele Nelson has also publicly advertised branded T-shirts for Jackson County Hands United using the Number for business marketing purposes:[6]



Thus, even assuming *arguendo* that Plaintiff could pursue a claim under Section 227(c) for text messages allegedly sent to a cellular phone number, such protections are limited to *non-business* numbers. Both Section 227(c) and the Federal Communication Commission's ("FCC") implementing regulation for the do-not-call provisions, 47 C.F.R. § 64.1200(c)(2), protect "residential telephone subscribers" only. *See* 47 U.S.C. § 227(c)(1) (directing the FCC to "initiate a rulemaking proceeding concerning the need to protect *residential* telephone subscribers' privacy rights to avoid telephone solicitations to which they object"); 47 C.F.R. § 64.1200(c)(2) ("No person or entity shall initiate any telephone solicitation to . . . [a] *residential* telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . .") (emphases added). *See also* National Do Not Call Registry FAQs, Federal Trade Commission, https://consumer.ftc.gov/national-do-not-call-registry-faqs (Last visited Apr. 7, 2026) ("The Registry is for personal phone numbers. Business phone numbers and fax lines are not covered."). Courts have likewise held that only non-business numbers are eligible to be registered on the DNC Registry.[7]

---

[6]  *See* Sept. 25, 2025 Facebook Post,
     https://www.facebook.com/share/p/1AABkb1kzh/?mibextid=wwXlfr.

[7]  *See, e.g.*, *Shelton v. Target Advance LLC*, No. 18-2070, 2019 WL 1641353, at *6 (E.D. Pa. Apr. 16, 2019) (observing that "[t]he Phone Number is also for business use, and business numbers are not permitted to be registered on the National Do Not Call Registry"); *Worsham v. Disc. Power, Inc.*, No. RDB-20-0008, 2021 WL 50922, at *4 (D. Md. Jan. 6, 2021) ("Regardless of whether the 410-692-2749 number is primarily used by Worsham for

Anthony I. Paronich
April 7, 2026
Page 5

But even if the Number were used for residential purposes, which it is not, the Section 227(c) claim would still fail because Section 227(c) only protects telephone calls—not text messages. Under the recent Supreme Court decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 392 (2024) and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146, 152, 155 (2025), courts may not defer to the FCC's TCPA interpretations that conflict with the statute's plain language. Since then, numerous courts have held that the plain language of Section 227(c)(5)'s private right of action only applies to "telephone calls," which does not include text messages. *See*, *e.g.*, *Richards v. Fashion Nova, LLC*, No. 1:25-cv-01145, 2026 WL 847568, at *5 (S.D. Ind. Mar. 26, 2026) (concluding that "'telephone call' under § 227(c)(5) of the TCPA does not include text messages"); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025) ("The statutory text here *is* clear, and a text message is not a 'telephone call.'"); *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899 (C.D. Ill. 2025) ("[U]nder a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages."), *appeal filed sub nom.*, *Steidinger v. Blackstone Med. Servs.*, No. 25-2398 (7th Cir. Aug. 12, 2025); *see also James v. Smarter Contact, Inc., et al.*, No. 8:25-cv-1657, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026); *Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385, 2026 WL 847584 (S.D. Ind. Mar. 26, 2026); *Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25-cv-1282, 2026 WL 591842 (N.D. Ohio Mar. 3, 2026); *Radvansky v. Kendo Holdings, Inc.*, 3:23-cv-00214-LLM, 2026 WL 810929 (N.D. Ga. Feb. 12, 2026); *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-2811-TWT, 2026 WL 456919 (N.D. Ga. Feb. 17, 2026); *Lopresti v. Nouveau Essentials Mktg., LLC*, No. 5:25-cv-00282, ECF No. 62 (M.D. Fla. Feb. 26, 2026) (Lammens, M.J.); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00847-SDM-CPT, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025). While some courts have reached the opposite conclusion, the better reasoned cases have squarely rejected FCC interpretations of the TCPA that are inconsistent with the statute's plain language.[8]

Additionally, only traditional landline telephones—not cell phones—are "residential" telephones under Section 227(c) (which does not reference cell phones at all). Accordingly, courts have reached the natural conclusion that Section 227(c) excludes cell phone users from its private right of action. *See*, *e.g.*, *Gaker v. Q3M Ins. Sols.*, No. 3:22-CV-00296-RJC-DSC, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023) (Cayer, M.J.).

Finally, Plaintiff's claim also fails because:

_____

residential purposes, the number is also used for business, and business numbers are not permitted to be registered on the DNC registry."); *Gaker v. Citizens Disability, LLC*, 654 F. Supp. 3d 66, 71 (D. Mass. 2023) (observing that the FCC's residential presumption for cell phone users "may require a subscriber to 'provide further proof of the validity' of the presumption they use the cell phone in question as a residential, rather than business, line." (citation omitted)).

[8]   *See also Bradford v. Sovereign Pest Control of TX, Inc.*, 167 F.4th 809 (5th Cir. 2026) (concluding the FCC improperly required prior express written consent in contravention to the plain language of the statutory text); *Bradley v. DentalPlans.com, et al.*, Civ. No. 20-1094, 2026 WL 788856 (D. Md. Mar. 20, 2026) (same).

Anthony I. Paronich
April 7, 2026
Page 6

- Plaintiff did not personally register the Number on the DNC Registry.[9] *See* 47 C.F.R. § 64.1200(c)(2) (prohibiting telephone solicitations to "[a] residential telephone subscriber *who has registered his or her telephone number* on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government" (emphasis added)). Many courts, including the District of Massachusetts, have rejected Section 227(c) DNC Registry claims because of the plaintiff's failure to demonstrate that they personally registered the phone number at issue. *See Sandoe v. Bos. Sci. Corp.*, 333 F.R.D. 4, 10 (D. Mass. 2019) (denying motion for class certification where individual questions predominated over common ones, including "whether the individual who received the call registered his or her name on the DNC Registry").[10]

- The Complaint does not allege that Plaintiff texted "Stop" in response to any of the text messages. Courts have dismissed TCPA claims under similar circumstances for lack of standing.[11]

---

[9]  Notably, in numerous other Section 227(c) do-not-call cases brought by your firm, the plaintiffs specifically allege that they personally registered the number on the DNC Registry. *See*, *e.g.*, Class Action Complaint at 3, *Wilson v. Wayfair Inc.*, No. 1:26-cv-11420 (D. Mass. Mar. 24, 2026), Dkt. No. 1 ("Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue."); Class Action Complaint at 5, *Caplan v. Med. Guardian, LLC*, No. 1:25-cv-13959-WGY (D. Mass. Dec. 23, 2025), Dkt. No. 1 ("To avoid unsolicited telemarketing calls, Plaintiff personally placed his telephone number on the National Do-Not-Call Registry on April 27, 2019."); Class Action Complaint at 5, *Goins v. Serenity TMS Ctrs. LLC*, No. 2:25-cv-02190-MHH (N.D. Ala. Dec. 22, 2025), Dkt. No. 1 ("Plaintiff placed his telephone number on the National Do Not Call Registry on November 28, 2023."); Class Action Complaint at 3, *Finley v. Bosch Health LLC*, No. 3:25-cv-18505 (D.N.J. Dec. 11, 2025), Dkt. No. 1 ("Plaintiff registered his number on the National Do Not Call Registry on July 8, 2023, at least 30 days prior to receiving the text messages at issue.").

[10]  *See also Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 9, 2022) (dismissing a Section 227(c) claim after concluding Section 64.1200(c)(2) of the implementing regulations required personal registration of the plaintiff's number); *Rogers v. Assurance IQ, LLC*, No. 2:21-cv-00823-TL, 2023 WL 2646468, at *4 (W.D. Wa. Mar. 27, 2023) (dismissing a Section 227(c) claim, in part, because the plaintiffs "use[d] the passive voice" and did not allege they personally registered their phone numbers on the DNC Registry).

[11]  *See*, *e.g.*, *Garcia v. Credit One Bank, N.A.*, No. 2:18-CV-191, 2020 WL 4431679, at *3 (D. Nev. July 31, 2020) ("Instead of taking the steps necessary to stop the alleged injury (the unwanted calls), [plaintiff] took steps to allow the continuance of the injury while building a record to facilitate a later claim."); *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 800 (W.D. Pa. 2016) ("Because Plaintiff has admitted that her only purpose in using her cell

Anthony I. Paronich
April 7, 2026
Page 7

***

We trust that this information is helpful and the action will be voluntarily dismissed. If you would like to discuss any of this, please let us know. In the meantime, Whaleco reserves all rights.

Sincerely,

Michael W. McTigue, Jr.

---

phones is to file TCPA lawsuits, the calls are not 'a nuisance and an invasion of privacy.'" (citation omitted)).

# EXHIBIT N

CONFIDENTIAL

| Telephone Number Research Report | 517-962-3724 |
|---|---|

Date:     **5/08/2026**    ██████████  ██████████

██████  ██████████    ██████  ██████████

████████████  ████████████████████

██████████  ████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████
██████

████████████

████████████

### Client Provided Information

Phone Number:          **517-962-3724**

██████

██████████

██████

██████████████████

████████████████████████

████████████████████          ██████  ████████████████

████████████████          ████████████████████████████████████████████

                          ████████████████

                          ████████████████

                          ██████████

                          ████████████████

                          ██████████



CONFIDENTIAL

2



CONFIDENTIAL





3

CompliancePoint®
Litigation Support Services

CONFIDENTIAL



**Notes:**



| | Name | Phone Dates | |
|---|---|---|---|
| Name: | Rice, Lisa Ann | ██████████ | ████████████ |
| Address: | ████████████████████ | | |
| Name: | Rice, Richard Eugene | ██████████ | ████████████ |
| Address: | ████████████████████ | | |

4

CONFIDENTIAL



CONFIDENTIAL

Notice: The Public Records and commercial and proprietary data sources used to prepare this report have errors. Data is sometimes entered poorly and/or processed incorrectly and is generally not free from defect. This report should not be relied upon to be definitively accurate. Any data used in this report should be independently verified.

6



# EXHIBIT O

CONFIDENTIAL

| Telephone Number Research Report | 517-769-4094 |
|---|---|

Date:    **3/20/2026**    ████████    ████████

████    ████████

████████    ████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████
████

████████████████

████████

████████

### Client Provided Information

Phone Number:    **517-769-4094**

████

██████

████

████████████

████████████

████████████    ████████████████████

████████████    ████████████████████

                ████████████

                ████████████

                ████

                ████████████

1

CompliancePoint®
Litigation Support Services

CONFIDENTIAL





2



CONFIDENTIAL

| ███████████████ | | ██ | ████████ | █████████ | ████████ | ███████ | |
| ███████████████ | ████████ | ██ | ████████ | █████████ | ████████ | ███████ | |
| ████████████ | ████████ | ██ | ████████ | ██ | ██ | ██ | |

████

| ████████ | | ████████████████████████ | |
|---|---|---|---|

| ████████ | ████████ |
|---|---|
| █████ | █████ |
| ████ | █ |
| ████████ | █ |
| ████ | █████ |
| ██████ | ███████ |
| █████ | ███████████████████ |
| ██████████████ | █ |
| ██████████████ | █ |

|  | **Name** | **Phone Dates** |
|---|---|---|
| Name: | Peavy, Jimmie Richard-Carl | ██████████████████████ |
| Address: | ██████████████████████ | |
| Name: | Dowling, Michele Ryung | ██████████████████████ |
| Address: | ████████████████████ | |
| Name: | Ostrander, Annette Jean | ███████████        ██████████ |
| ██████ | ████████████████████ | |

3

**CompliancePoint®**
*Litigation Support Services*

CONFIDENTIAL



4



CONFIDENTIAL

Notice: The Public Records and commercial and proprietary data sources used to prepare this report have errors. Data is sometimes entered poorly and/or processed incorrectly and is generally not free from defect. This report should not be relied upon to be definitively accurate. Any data used in this report should be independently verified.

5

